# HDCV2005-00462
## Malke v Transcontinental Refrigerated Lines, Inc.

| | | | | |
|---|---|---|---|---|
| File Date | 05/04/2005 | Status | Disposed: transfered to other court (dtrans) | |
| Status Date | 07/05/2005 | Session | A - Civil A - CtRm 6 | |
| Origin | 1 | Case Type | B03 - MV negligence/pers injury/prop dmg | |
| Lead Case | | Track | F | |

| | | | | | |
|---|---|---|---|---|---|
| Service | 08/02/2005 | Answer | 10/01/2005 | Rule12/19/20 | 10/01/2005 |
| Rule 15 | 10/01/2005 | Discovery | 02/28/2006 | Rule 56 | 03/30/2006 |
| Final PTC | 04/29/2006 | Disposition | 06/28/2006 | Jury Trial | Yes |

## PARTIES

**Plaintiff**
Steven J Malke
Active 05/04/2005

**Private Counsel 546211**
John D Ross III
Ross & Ross
121 State Street
Suite 201
Springfield, MA 01103
Phone: 413-736-2725
Fax: 413-736-1247
Active 05/04/2005 Notify

**Defendant**
Transcontinental Refrigerated Lines, Inc.
Served: 06/13/2005
Answered: 06/23/2005
Answered 06/23/2005

**Private Counsel 641440**
Tracy L Davis
Meyer Connolly Sloman & Macdonald
12 Post Office Square
Boston, MA 02109
Phone: 617-423-2254
Fax: 617-426-4687
Active 06/23/2005 Notify

**Private Counsel 550058**
Andrew J Fay
Tobin Sullivan & Fay
Wellesley Office Park
60 William Street
Wellesley, MA 02481
Phone: 781-237-0877
Fax: 781-237-1101
Active 06/23/2005 Notify

## ENTRIES

| Date | Paper | Text |
|---|---|---|
| 05/04/2005 | 1.0 | Complaint & civil action cover sheet filed |
| 05/04/2005 | | Origin 1, Type B03, Track F. |
| 05/26/2005 | 2.0 | Amended complaint of Steven J Malke |
| 06/20/2005 | 3.0 | Affidavit of compliance with long-arm statute with proof of service on out of state defendant Transcontinental Refrigerated Lines, Inc. |
| 06/23/2005 | 4.0 | ANSWER: Transcontinental Refrigerated Lines, Inc.(Defendant) TO |
| 07/05/2005 | 5.0 | Case REMOVED this date to US District Court of Massachusetts with pleading 1 - 4 . |

## EVENTS

MAS-20041213　　Case 3:05-cv-30149-MAP   Document 5   Filed 07/14/2005   Page 2 of 19　　07/12/2005
copesher　　　　　　　　　　Commonwealth of Massachusetts　　　　　　　　　　　　　　　　　12:27 PM
HAMPDEN SUPERIOR COURT
Case Summary
Civil Docket

## HDCV2005-00462
### Malke v Transcontinental Refrigerated Lines, Inc.

A TRUE COPY
OF THE DOCKET MINUTES
IN WITNESS WHEREOF, I hereunto
set my hand, and have caused the seal
of the Superior Court for the County
of Hampden to be affixed on this
12th day of July, 2005

_[signature]_
Deputy Assistant Clerk

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, SS.                                    SUPERIOR COURT DEPARTMENT
                                                CIVIL ACTION NO: 05-462

STEVEN J. MALKE,           )
        Plaintiff          )
                           )
v.                         )        COMPLAINT AND
                           )        DEMAND FOR JURY TRIAL
TRL, INC.,                 )
        Defendant          )

1. The Plaintiff, Steven J. Malke, is a natural individual who resides at 59 College Street, Chicopee, Hampden County, Massachusetts.

2. The Defendant, TRL, Inc., is a Massachusetts corporation with a principal place of business at 1482 Fall river Avenue, Seekonk, Bristol County, Massachusetts.

3. On or about March 29, 2004, at approximately 11:30 a.m., the Plaintiff, Steven J. Malke was in the course of his employment as a truck driver for Estes Express Lines, New Lombard Road, Chicopee, Massachusetts.

4. At the above stated time, the Plaintiff was stopped at the STAPLES located at 70 Community Avenue, Plainfield, Connecticut and was inside the trailer of his truck.

5. At the above stated time and place George Kozloski was operating a tractor trailer as an agent, servant or employee of the Defendant, TRL, Inc., while in the course of his employment, in such a careless and negligent manner that he caused the Defendant's tractor trailer to collide with the motor vehicle that contained the Plaintiff.

6. As a direct and proximate result of the negligence of the Defendant's agent, servant or employee, the Plaintiff, Steven J. Malke was seriously and permanently injured, suffered and continues to suffer great pain of body and mind, required medical treatment and was prevented from performing his usual activities.

WHEREFORE, the Plaintiff, Steven J. Malke, demands judgment against the Defendant, TRL, Inc., in an amount to be determined by a jury plus interest and costs.

The Plaintiff demands a trial by jury on all issues.

Fee Paid - $ 240.
Surcharge Paid - $ 15.
Security Fee - Paid - $ 30.
Received by

The Plaintiff,
By His Attorney,

Date: 4/28/05

/s/ John D. Ross
John D. Ross, III, Esquire
121 State Street, Suite 201
Springfield, MA 01103
(413) 736-2725
(413) 736-1247 (fax)
BBO No: 546211

A true copy:

Attest:

_____
Deputy Assistant Clerk

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 05-462 | Trial Court of Massachusetts Superior Court Department County: HAMPDEN |
|---|---|---|

| PLAINTIFF(S) STEVEN J. MALKE | DEFENDANT(S) TRL, INC. |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE 413-736-2725 John D. Ross, III 121 State St., Springfield, MA 01103 Board of Bar Overseers number: 546211 | ATTORNEY (if known) |

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence personal injury | (F) | (X) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................. $773.37
2. Total Doctor expenses .............................................. $5966.00
3. Total chiropractic expenses ......................................... $0
4. Total physical therapy expenses ..................................... $2000.00
5. Total other expenses (describe) Surgery & MRI .................... $7203.22
   Subtotal $15,942.59
B. Documented lost wages and compensation to date ...................... $26,933.43+
C. Documented property damages to date .............................. 
D. Reasonably anticipated future medical and hospital expenses ........... $ unknown
E. Reasonably anticipated lost wages .................................. $ unknown
F. Other documented items of damages (describe) ....................... $ unknown

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   As a result of the Defendant and or defendant's agent the Plaintiff sustained injuries to his right shoulder, including right shoulder arthroscopic acromioplasty and distal clavicle excision.
   TOTAL $400,000.00

MIDDLESEX, ss
SUPERIOR COURT
FILED
MAY - 4 2005
[signature] CLERK-MAGISTRATE

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

A true copy. Attest:
[signature]
Deputy Assistant Clerk

TOTAL $...........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record [signature John D. Ross]  DATE: 4/28/05

OTC-6 mtc005-11/99
O.S.C. 1-2000

## CIVIL ACTION COVER SHEET
## INSTRUCTIONS

### SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

| CONTRACT | | | REAL PROPERTY | | | MISCELLANEOUS | |
|---|---|---|---|---|---|---|---|
| 01 Services, labor and materials | (F) | C01 | Land taking (eminent domain) | (F) | E02 | Appeal from administrative Agency G.L. c. 30A | (X) |
| 02 Goods sold and delivered | (F) | C02 | Zoning Appeal, G.L. c.40A | (F) | E03 | Action against Commonwealth Municipality, G.L. c.258 | (A) |
| 03 Commercial Paper | (F) | C03 | Dispute concerning title | (F) | | | |
| 08 Sale or lease of real estate | (F) | C04 | Foreclosure of mortgage | (X) | E05 | All Arbitration | (X) |
| 12 Construction Dispute | (A) | C05 | Condominium lien and charges | (X) | E07 | c.112,s.12S (Mary Moe) | (X) |
| 99 Other (Specify) | (F) | C99 | Other (Specify) | (F) | E08 | Appointment of Receiver | (X) |
| **TORT** | | | | | E09 | General contractor bond, G.L. c.149,s.29,29a | (A) |
| 03 Motor Vehicle negligence-personal injury/property damage | (F) | | **EQUITABLE REMEDIES** | | E11 | Workman's Compensation | (X) |
| | | D01 | Specific performance of contract | (A) | E14 | Chapter 123A Petition-SDP | (X) |
| 04 Other negligence-personal injury/property damage | (F) | D02 | Reach and Apply | (F) | E15 | Abuse Petition, G.L.c.209A | (X) |
| 05 Products Liability | (A) | D06 | Contribution or Indemnification | (F) | E16 | Auto Surcharge Appeal | (X) |
| 06 Malpractice-medical | (A) | D07 | Imposition of Trust | (A) | E17 | Civil Rights Act, G.L.c.12,s.11H | (A) |
| 07 Malpractice-other(Specify) | (A) | D08 | Minority Stockholder's Suit | (A) | E18 | Foreign Discovery proceeding | (X) |
| 08 Wrongful death,G.L.c.229,s2A | (A) | D10 | Accounting | (A) | E96 | Prisoner Cases | (F) |
| 15 Defamation (Libel-Slander) | (A) | D12 | Dissolution of Partnership | (F) | E97 | Prisoner Habeas Corpus | (X) |
| 19 Asbestos | (A) | D13 | Declaratory Judgment G.L.c.231A | (A) | E99 | Other (Specify) | (X) |
| 20 Personal Injury-Slip&Fall | (F) | D99 | Other (Specify) | (F) | | | |
| 21 Environmental | (A) | | | | | | |
| 22 Employment Discrimination | (F) | | | | | | |
| 99 Other (Specify) | (F) | | | | | | |

**TRANSFER YOUR SELECTION TO THE FACE SHEET.**

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | [X] Yes  [ ] No |

### SUPERIOR COURT RULE 29

**DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT, BUFF COLOR PAPER.

FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
MAY RESULT IN DISMISSAL OF THIS ACTION.

2005 MAY -4 A 11: 26
HAMPDEN COUNTY
SUPERIOR COURT
CLERKS OFFICE

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, SS.        SUPERIOR COURT DEPARTMENT
                CIVIL ACTION NO: 05 462

HAMPDEN COUNTY
SUPERIOR COURT
FILED
MAY 2 6 2005

STEVEN J. MALKE,
  Plaintiff

v.               ) **AMENDED COMPLAINT AND**
               ) **DEMAND FOR JURY TRIAL**
TRANSCONTINENTAL REFRIGERATED )
LINES, INC.,           )
  Defendant          )

1. The Plaintiff, Steven J. Malke, is a natural individual who resides at 59 College Street, Chicopee, Hampden County, Massachusetts.

2. The Defendant, Transcontinental Refrigerated Lines, Inc., is a corporation which regularly does business in the Commonwealth of Massachusetts with a principle place of business at 310 Scranton Electric Building, Scranton, Pennsylvania.

3. On or about March 29, 2004, at approximately 11:30 a.m., the Plaintiff, Steven J. Malke was in the course of his employment as a truck driver for Estes Express Lines, New Lombard Road, Chicopee, Massachusetts.

4. At the above stated time, the Plaintiff was stopped at the STAPLES located at 70 Community Avenue, Plainfield, Connecticut and was inside the trailer of his truck.

5. At the above stated time and place George Kozloski was operating a tractor trailer as an agent, servant or employee of the Defendant, Transcontinental Refrigerated Lines, Inc., while in the course of his employment, in such a careless and negligent manner that he caused the Defendant's tractor trailer to collide with the motor vehicle that contained the Plaintiff.

6. As a direct and proximate result of the negligence of the Defendant's agent, servant or employee, the Plaintiff, Steven J. Malke was seriously and permanently injured, suffered and continues to suffer great pain of body and mind, required medical treatment and was prevented from performing his usual activities.

  WHEREFORE, the Plaintiff, Steven J. Malke, demands judgment against the Defendant, Transcontinental Refrigerated Lines, Inc., in an amount to be determined by a jury plus interest and costs.

                                        The Plaintiff,
By His Attorney,

Date: 5/25/05

_[signature]_
John D. Ross, III, Esquire
121 State Street, Suite 201
Springfield, MA 01103
(413) 736-2725
(413) 736-1247 (fax)
BBO No: 546211

**A true copy:**

**Attest:**

_[signature]_ by _[initials]_ Assistant Clerk

## COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss.                                          SUPERIOR COURT DEPARTMENT
                                                      CIVIL ACTION NO. 05 462

STEVEN J. MALKE,                        )
    Plaintiff,                          )
                                        )
v.                                      )             AMENDED COMPLAINT AND
                                        )             DEMAND FOR JURY TRIAL
TRANSCONTINENTAL REFRIGERATED           )
LINES, INC.,                            )
    Defendants                          )

      The Plaintiff, Steven J. Malke, as a matter of course and in accordance with Rule 15(a) of the Massachusetts Rules of Civil Procedure, amends the Complaint in this action so that the same will read as attached:

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 05 462 | Trial Court of Massachusetts Superior Court Department County: HAMPDEN |
|---|---|---|

| PLAINTIFF(S) STEVEN J. MALKE | DEFENDANT(S) TRANSCONTINENTAL REFRIGERATED LINES, INC |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE 413-736-2725 John D. Ross, III 121 State St., Springfield, MA 01103 Board of Bar Overseers number: 546211 | ATTORNEY (if known) |

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor vehicle Negligence personal injury | ( F ) | ( X ) Yes   ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................................................ $ 773.37
2. Total Doctor expenses ................................................. $ 5966.00
3. Total chiropractic expenses ........................................... $ 0
4. Total physical therapy expenses ...................................... $ 2000.00
5. Total other expenses (describe) ....................................... $ 7203.22
                                                          Subtotal $ 15,942.59
B. Documented lost wages and compensation to date ....................... $ 26,933.43 +
C. Documented property damages to date .................................. $ unknown
D. Reasonably anticipated future medical and hospital expenses ........... $ unknown
E. Reasonably anticipated lost wages .................................... $ unknown
F. Other documented items of damages (describe)                          $

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
As a result of the Defendant and/or Defendant's agent, the Plaintiff sustained injuries to his right shoulder, including right shoulder arthroscopic acromioplasty and distal clavicle excision.
                                                          TOTAL $ 400,000.00

### CONTRACT CLAIMS
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

                                                          TOTAL $ .............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _John D. Ross_    DATE: 5/25/05

OTC-6 mtc005-11/99
O.S.C. 1-2000

# CIVIL ACTION COVER SHEET
## INSTRUCTIONS

### SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

| CONTRACT | | | REAL PROPERTY | | | MISCELLANEOUS | | |
|---|---|---|---|---|---|---|---|---|
| 01 | Services, labor and materials | (F) | C01 | Land taking (eminent domain) | (F) | E02 | Appeal from administrative | (X |
| 02 | Goods sold and delivered | (F) | C02 | Zoning Appeal, G.L. c.40A | (F) | | Agency G.L. c. 30A | |
| 03 | Commercial Paper | (F) | C03 | Dispute concerning title | (F) | E03 | Action against Commonwealth | |
| 08 | Sale or lease of real estate | (F) | C04 | Foreclosure of mortgage | (X) | | Municipality, G.L. c.258 | (A |
| 12 | Construction Dispute | (A) | C05 | Condominium lien and charges | (X) | E05 | All Arbitration | (X |
| 99 | Other (Specify) | (F) | C99 | Other (Specify) | (F) | E07 | c.112,s.12S (Mary Moe) | (X |
| **TORT** | | | | | | E08 | Appointment of Receiver | (X |
| 03 | Motor Vehicle negligence- | | **EQUITABLE REMEDIES** | | | E09 | General contractor bond, | |
| | personal injury/property damage | (F) | D01 | Specific performance of contract | (A) | | G.L. c.149,s.29,29a | (A) |
| 04 | Other negligence-personal | | D02 | Reach and Apply | (F) | E11 | Workman's Compensation | (X) |
| | injury/property damage | (F) | D06 | Contribution or Indemnification | (F) | E14 | Chapter 123A Petition-SDP | (X) |
| 05 | Products Liability | (A) | D07 | Imposition of Trust | (A) | E15 | Abuse Petition, G.L.c.209A | (X) |
| 06 | Malpractice-medical | (A) | D08 | Minority Stockholder's Suit | (A) | E16 | Auto Surcharge Appeal | (X) |
| 07 | Malpractice-other(Specify) | (A) | D10 | Accounting | (A) | E17 | Civil Rights Act, G.L.c.12,s.11H | (A) |
| 08 | Wrongful death,G.L.c.229,s2A | (A) | D12 | Dissolution of Partnership | (F) | E18 | Foreign Discovery proceeding | (X) |
| 15 | Defamation (Libel-Slander) | (A) | D13 | Declaratory Judgment G.L.c.231A | (A) | E96 | Prisoner Cases | (F) |
| 19 | Asbestos | (A) | D99 | Other (Specify) | (F) | E97 | Prisoner Habeas Corpus | (X) |
| 20 | Personal Injury-Slip&Fall | (F) | | | | E99 | Other (Specify) | (X) |
| 21 | Environmental | (A) | | | | | | |
| 22 | Employment Discrimination | (F) | | | | | | |
| 99 | Other (Specify) | (F) | | | | | | |

**TRANSFER YOUR SELECTION TO THE FACE SHEET.**

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | ☒ Yes ☐ No |

### SUPERIOR COURT RULE 29

UTY OF THE PLAINTIFF. The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as ecessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money amages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendan gether with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer e action as provided in Rule 29(5)(C).

UTY OF THE DEFENDANT. Should the defendant believe the statement of damages filed by the plaintiff in any respect adequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which ay result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

**A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT, BUFF COLOR PAPER.**

**FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY MAY RESULT IN DISMISSAL OF THIS ACTION.**

2005 MAY 26  A 9: 42
HAMPDEN COUNTY
SUPERIOR COURT
CLERKS OFFICE

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, SS.   HAMPDEN COUNTY SUPERIOR COURT DEPARTMENT
               SUPERIOR COURT CIVIL ACTION NO: 05 462
                    FILED

STEVEN J. MALKE,            JUN 20 2005  )
        Plaintiff                        )
                            *signature*  )
                          CLERK-MAGISTRATE )
v.                                       )
                                         )
                                         )   AFFIDAVIT OF SERVICE OF
TRANSCONTINENTAL REFRIGERATED            )   PROCESS
LINES, INC.,                             )
        Defendant                        )

   NOW COMES John D. Ross, III, Esquire, Attorney for the Plaintiff in the above-entitled matter and in accordance with M.G.L. Chapter 233A, section 6(a)(3) and M.R.C.P. Rule 4(e) and (f) on oath does depose and say:

   On April 28, 2005, a Complaint in the above-entitled matter was filed in the Hampden Superior Court and a copy of the within named Complaint and Summons were served on the Defendant, Transcontinental Refrigerated Lines, Inc., by mailing same, certified mail, return receipt requested on June 10, 2005.

   Said return receipt is attached hereto.

A true copy:

Attest:
_____
         Assistant Clerk
         Deputy

Dated: June 16, 2005

_____
John D. Ross, III, ESQ.
121 State Street
Springfield, MA 01103
Tel: (413) 736-2725
Fax: (413) 736-1247
BBO #546211


COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss.                              SPRINGFIELD, MA
                                          June 16, 2005

   THEN PERSONALLY APPEARED, the above-named John D. Ross, III, ESQ., and made oath that the foregoing is true to the best of his knowledge and belief, before me.

Rachel A. Montemagni
    Notary Public
Commonwealth of Massachusetts
My Commission Expires:
    January 16, 2009

_____
Notary Public
My Commission Expires: 1/16/09

3

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT — MOTOR VEHICLE TORT — CONTRACT — EQUITABLE RELIEF — OTHER

# COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss.

SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CIVIL ACTION
NO. 05 462

STEVEN J. MALKE
_____, PLAINTIFF(S)

V.

TRANSCONTINENTAL REFRIGERATED
LINES, INC., _____, DEFENDANT(S)

SUMMONS

To the above named defendant: TRANSCONTINENTAL REFRIGERATED LINES, INC.

You are hereby summoned and required to serve upon JOHN D. ROSS, III, ESQUIRE 121 State Street, Springfield, Ma 01103 , plaintiff's attorney, whose address is _____, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Springfield either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esq., at Springfield the 10th day of JUNE in the year of our Lord two thousand ~~thxxx~~ five

*[signature]*
Clerk / Magistrate

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM No. 1

NOTICE TO DEFENDANT -- You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 2003, I served a copy of the within summons, together with a copy of the original complaint, in this action, upon the within named defendant, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5):

Dated:_____, 2003

**N.B. TO PROCESS SERVER:**
PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN THIS BOX <u>ON THE ORIGINAL AND ON THE COPY SERVED ON DEFENDANT.</u>

(                              )
(                     , 2003 )
(                              )

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature  X _[signature]_  ☐ Agent  ☐ Addressee<br>B. Received by (Printed Name)  C. Date of Delivery 6-13-05 |
| 1. Article Addressed to:<br>Transcontinental Refrigerated Lines, Inc.<br>Attention: Manager/Person in Charge<br>130 Armstrong Road<br>Pittston, PA 18640 | D. Is delivery address different from item 1? ☐ Yes  ☐ No<br>If YES, enter delivery address below: |
| | 3. Service Type<br>☒ Certified Mail   ☐ Express Mail<br>☐ Registered       ☒ Return Receipt for Merchandise<br>☐ Insured Mail     ☐ C.O.D. |
| | 4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number (Transfer from service label) | 7002 0510 0001 0799 3693 |
| PS Form 3811, February 2004   Domestic Return Receipt | 102595-02-M-1540 |

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, SS.                                 SUPERIOR COURT DEPARTMENT
                                             CIVIL ACTION NO. 05-462

                                             HAMPDEN COUNTY
                                             SUPERIOR COURT
                                             FILED
STEVEN J. MALKE
     Plaintiff,                              JUN 23 2005

v.                                           CLERK-MAGISTRATE


TRANSCONTINENTAL REFRIGERATED LINES, INC.
     Defendants.


## DEFENDANT, TRANSCONTINENTAL REFRIGERATED LINES, INC.'S ANSWER AND JURY CLAIM

Defendant, Transcontinental Refrigerated Lines, Inc. answers the plaintiffs' Complaint and Demand for Jury Trial as follows:

1.     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation of Paragraph 1.

2.     The defendant denies the allegations of Paragraph 2.

3.     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation of Paragraph 3.

4.     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation of Paragraph 4.

5.     The defendant denies the allegations of Paragraph 5.

6.     The defendant denies the allegations of Paragraph 6.

### FIRST AFFIRMATIVE DEFENSE

The plaintiff's damage or injury was caused by the plaintiff's violation of law, statute or other regulation enacted to govern the conduct of the parties at the time and place of the alleged accident.

4

## SECOND AFFIRMATIVE DEFENSE

The plaintiff's recovery for pain and suffering is barred by the provisions of Mass. G.L. c. 231, §6D.

## THIRD AFFIRMATIVE DEFENSE

The plaintiff has failed to mitigate, minimize or avoid damages, if any, alleged in the plaintiff's complaint, accordingly, any recovery must be reduced by the amount of damage resulting from such failure.

## FOURTH AFFIRMATIVE DEFENSE

The complaint fails to state a claim against the defendants upon which relief can be granted and therefore, the Complaint should be dismissed pursuant to Mass. R. Civ. P. 12(b)(6).

## FIFTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed for insufficiency of process.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed for insufficiency of service of process.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff was comparatively negligent in causing his injuries and the negligence of the plaintiff was greater than that of defendant and the recovery of the plaintiff is thereby barred.

## EIGHTH AFFIRMATIVE DEFENSE

If Plaintiff is entitled to recover against the defendant, any such recovery must be reduced in accordance with the comparative negligence statute, G.L. c. 231, sec. 85 since the negligence of the plaintiff was the proximate cause of the injuries allegedly sustained.

## NINTH AFFIRMATIVE DEFENSE

The complaint should be dismissed pursuant to Mass. R. Civ. P. 12(b)(3) for improper venue.

## TENTH AFFIRMATIVE DEFENSE

The harm, if any, suffered by plaintiff was caused by one for whose conduct defendant is not legally responsible and plaintiff's recovery is thereby barred.

## ELEVENTH AFFIRMATIVE DEFENSE

The plaintiff has been fully and completely compensated and is not entitled to recover any damages from the defendant.

## TWELFTH AFFIRMATIVE DEFENSE

The defendant has not been tendered timely and adequate notice as required by law and the plaintiff's recovery is thereby barred.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed for lack of personal jurisdiction over the defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

The defendant is exempt from liability pursuant to Mass. G.L. c. 90 §34M.

## FIFTEENTH AFFIRMATIVE DEFENSE

The defendant is exempt from liability to the plaintiff to the extent provided by Chapter 670, acts of 1970, as amended.

## JURY CLAIM

The defendant claims a trial by jury as to all issues and claims.

                                        Transcontinental Refrigerated Lines, Inc.
                                        By its attorneys

                                        */s/ Tracy L. Davis*
                                        Andrew J. Fay (BBO# 5500058)
                                        Tracy L. Davis (BBO# 641440)
                                        TOBIN, SULLIVAN, FAY & GRUNEBAUM
                                        Wellesley Office Park
                                        60 William Street
                                        Wellesley, MA 02481
                                        (781)237-0877

Dated: June 22, 2005

## CERTIFICATE OF SERVICE

    I, Tracy L. Davis, certify that a copy of the foregoing document was served via first class mail, postage prepaid, and via facsimile to counsel of record as follows:

John D. Ross, III, Esq.
121 State Street, Suite 201
Springfield, MA 01103

                                        */s/ Tracy L. Davis*
                                          Tracy L. Davis

Dated: June 22, 2005

                  **A true copy:**
                        **Attest:** _____
                                      Deputy Assistant Clerk