UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 05-30149-KPN

STEVEN J. MALKE,
   Plaintiff

TRANSCONTINENTAL REFRIGERATED
LINES, INC.
   Defendant

## DEFENDANT'S REQUESTS FOR JURY INSTRUCTIONS

**BURDEN OF PROOF**

**Request #1:**

In a civil action such as this, the plaintiff bears the burden of proving every essential element of [his/her] claim by a fair preponderance of the credible evidence.

Whether the plaintiff has established the essential elements of [his/her] case by a fair preponderance of the credible evidence is determined by the quality of the evidence: its credibility, believability, trustworthiness and accuracy. To prove something by a preponderance of the evidence, the plaintiff must prove that thing to be more likely or more probably true than not true.

It is not enough that mathematically the chances somewhat favor a proposition to be proved. The weight of the preponderance of the evidence is its power to convince [a jury] of the actual truth of the proposition to be proved.

*Sargent v. Massachusetts Accident Co.*, 307 Mass. 246, 250, 29 N.E.2d 825, 827 (1940).

**Request #2:**

**The burden of proof that defendant, Transcontinental Refrigerated Lines, Inc., was negligent is on the plaintiff.**

*Restatement (Second) of Torts,* §328A (1978); Joseph R. Nolan & Laurie J. Sartorio, *Tort Law,* Massachusetts Practice Series, § 213 (1989).

**Request #3:**

**The defendant, Transcontinental Refrigerated Lines, Inc. is not required to offer any evidence to prove it was not negligent.**

Prosser and Keeton, *Torts,* Massachusetts Practice Series § 38 (5th ed. 1984).

**NEGLIGENCE**

**Request #4:**

**In this case the plaintiff is claiming that the defendant acted negligently because allegedly its driver, Mr. Kozloski, knew or should have known that the right trailer door was loose and the closing mechanism was defective and he allegedly failed to exercise reasonable care under these alleged circumstances.**

**In order to recover in this lawsuit, the plaintiff has the burden of proving by a preponderance of the evidence the following four elements:**

**First, the plaintiff must prove that the defendant owed [him/her] a duty of care.**

**Second, the plaintiff must prove that the defendant breached that duty of care or in other words was negligent.[2]**

**Third, the plaintiff must prove that [he/she] suffered injury or harm.**

**Fourth, the plaintiff must prove that the defendant's breach of duty was a cause of the plaintiff's injury or harm.**

---

[1]The trial judge is required to refer generally to the attendant circumstances in explaining negligence to the jury. *O'Leary v. Jacob Miller Co.*, 19 Mass.App.Ct. 947, 948, 473 N.E.2d 200, 201 (1985) (rescript).

[2]The question of negligence is ordinarily one of fact for the jury to decide. The issue may only be taken from the jury when no rational view of the evidence could warrant a finding that the defendant was negligent. *Irwin v. Town of Ware*, 392 Mass. 745, 764, 467 N.E.2d 1292, 1305 (1984); *Goldstein v. Gontarz*, 364 Mass. 800, 804, 309 N.E.2d 196, 199–200 (1974).

**DUTY**

**Request #5**

**The first element the plaintiff must prove by a preponderance of the evidence is that a duty was owed to him/her by the defendant.[1]**

**You are to interpret the word "duty" as an obligation. Duty means an obligation to conform to a particular standard of conduct toward another person which is recognized and enforced in the law.[2]**

**It is for you to determine whether the defendant did exercise the required care or whether the defendant breached this duty.[3]**

[1]The existence of a duty is typically a question of law, not of fact. *Carrier v. Riddell, Inc.*, 721 F.2d 867, 868 (1st Cir. 1983); W. Prosser, *Handbook of the Law of Torts*, § 37 at 206 (4th ed. 1971); *Federal Express Corp. v. State Dep't of Transp.*, 664 F.2d 830, 835 (1st Cir. 1981). Massachusetts courts have found that duty exists as a matter of law in various factual situations. A duty to exercise due care exists as a matter of law in the following situations:

**DEFINITION OF NEGLIGENCE**

**Request #6**

**The law defines negligence as the failure of a person to exercise that degree of care which a reasonable person would exercise in the circumstances.[1]**

**Negligence is doing something that a reasonably prudent person in the ordinary course of human events would not do, or failing to do something that a reasonable person of ordinary prudence would do.[2]**

**The classic definition of negligence is this: Negligence is the failure of a responsible person, either by omission or by action, to exercise that degree of care, diligence and forethought which, in the discharge of the duty then resting on [him/her], the person of ordinary caution and prudence ought to exercise under the particular circumstances. It is a want of diligence commensurate with the requirement of the duty at the moment imposed by the law.**

**Negligence is the performance or the omission of some act in violation of a legal duty.**

**The mere happening of an accident is not proof of negligence.[3]**

**Ordinarily, where a duty of care is established by law, the standard by which a party's performance is measured is the conduct expected of a reasonably prudent person in similar circumstances. The standard is not established by the most prudent person conceivable, nor by the least prudent, but by the person who is thought to be ordinarily prudent. The same standard is frequently expressed in terms of "reasonable care."**

[1]*Morgan v. Lalumiere*, 22 Mass.App.Ct. 262, 267, 493 N.E.2d 206, 210 (1986), review denied, 398 Mass. 1103 (1986) (instruction on negligence must refer to reasonable person standard and to attendant circumstances).

[2]*Massachusetts Lobstermen's Assoc., Inc. v. United States*, 554 F.Supp. 740, 742 (D.Mass. 1982). *Altman v. Aronson*, 231 Mass. 588, 591, 121 N.E. 505, 506 (1919); *Beaver v. Costin*, 352 Mass. 624, 626, 227 N.E.2d 344, 345–46 (1967). *Goldstein v. Gontarz*, 364 Mass. 800, 805, 309 N.E.2d 196, 200 (1974).

[3] *Rizzittelli v. Vestine*, 246 Mass. 391, 392, 141 N.E.2d 110, 110 (1923).

**Request #7:**

**An operator of a motor vehicle must exercise reasonable care under the circumstances.[1]**

**Reasonable care is the degree of care "commensurate with the probable harmful consequence that might reasonably be expected to result from the lack of such care."[2]**

**Reasonable care is that amount of care an ordinary and prudent person would exercise under the circumstances.[3]**

[1] *Spano v. Wilson Tisdale Co.*, 361 Mass. 209, 212, 279 N.E.2d 725, 727 (1972); *Buckman v. McCarthy Freight Sys., Inc.*, 320 Mass. 551, 554, 70 N.E.2d 524, 525 (1947); *Nolan v. Shea*, 312 Mass. 631, 634, 45 N.E.2d 956, 958 (1942).

[2] *McGaffee v. P.B. Mutrie Motor Trans., Inc.*, 311 Mass. 730, 735, 42 N.E.2d 841, 844 (1942) (quoting *Avery v. R.E. Guerin Trucking Co., Inc.*, 304 Mass. 500, 505–06, 24 N.E.2d 330, 333 (1939)).

[3] *Spano v. Wilson Tisdale Co.*, 361 Mass. 209, 213, 279 N.E.2d 725, 727 (1972).

**Request #8:**

**The mere fact that an accident happened, standing alone, does not permit you, the Jury, to draw the inference that the accident was caused by anyone's negligence.**

3 Edward J. Devitt, Charles B. Blackmar & Kevin F. O'Malley, *Federal Jury Practice and Instructions,* §80.07 (4th ed. 1987 & Supp. 1997).

**Request #9:**

**The mere happening of an accident, in and of itself, is not evidence of negligence**.

*Swartz v. General Motors* Corp., 375 Mass. 628, 633 (1978).

**Request #9:**

**The fact that injuries may have occurred and that certain parties now here in Court should create no inference, and provide no evidence, that anyone may have been negligent in the circumstances.**

3 Edward J. Devitt, Charles B. Blackmar & Kevin F. O'Malley, *Federal Jury Practice and Instructions,* §80.08 (4th ed. 1987 & Supp. 1997).

**BREACH**

**Request #10:**

**The second element which the plaintiff must prove by a preponderance of the evidence is that the defendant did not exercise the required amount of care under the circumstances, that the defendant breached [his/her] duty of care, or, in other words, was negligent.**

**Since there is a duty to exercise [reasonable] care, the plaintiff must prove by a preponderance of the evidence that the defendant failed to exercise the required amount of care.[1]**

**The standard of care in negligence cases is how a person of reasonable prudence would act in similar circumstances.[2]**

[1]*Brown v. Kendall*, 60 Mass. (6 Cush.) 292 (1850), *Perry v. Medeiros*, 369 Mass. 836, 343 N.E.2d 859 (1976).

[2]*Kane v. Fields Corner Grille*, 341 Mass. 640, 642, 171 N.E.2d 287, 289–90 (1961). *Goldstein v. Gontarz*, 364 Mass. 800, 805, 309 N.E.2d 196, 200; *Adams v. Dunton*, 284 Mass. 63, 66–67, 187 N.E. 90, 91–92 (1933); *Clough v. New England Tel. & Tel. Co.*, 342 Mass. 31, 35, 172 N.E.2d 113, 115 (1961); *Gelinas v. New England Power Co.*, 359 Mass. 119, 124, 268 N.E.2d 336, 339 (1971); Restatement (Second) of Torts § 298 cmt. b (1965).

**REASONABLE CARE VARIES WITH CIRCUMSTANCES**

**Request #11:**

**The amount of care that the prudent person would exercise varies with the circumstances, the care increasing with the likelihood and severity of the harm threatened.[1]**

**Therefore, based on the facts you find from the evidence submitted in this case, you are to determine how a person of reasonable prudence would act in these circumstances.[2]**

[1]*Goldstein v. Gontarz*, 364 Mass. 800, 805–06, 309 N.E.2d 200, 201 (1974). *Kane v. Fields Corner Grille*, 341 Mass. 640, 643, 171 N.E.2d 287, 289–90 (1961). *See also Hallett v. Town of Wrentham*, 398 Mass. 550, 558–59, 499 N.E.2d 1189, 1194 (1986) (citing *LaClair v. Siberline Mfg. Co., Inc.*, 379 Mass. 21, 27, 393 N.E.2d 867, 871 (1979)). See also Restatement (Second) of Torts §§ 283, 298 (1965).

**Request #12:**

**Evidence regarding the general practice or custom of a trade or profession is admissible as evidence of negligence (not negligence per se) bearing on the question of what is ordinary or reasonable care.**

*Clough v. New England Tel. & Tel. Co.*, 342 Mass. 31, 172 N.E.2d 113 (1961); *Kushner v. Dravo Corp.*, 339 Mass. 273, 158 N.E.2d 858 (1959).


**CAUSATION**

**Request #13:**

**If you decide that the defendant was negligent, you must then consider whether the defendant's negligent conduct caused [or worsened][1] the plaintiff's injuries. Even if you find that the defendant was negligent, [he/she] is not liable to the plaintiff unless [his/her] negligence caused the plaintiff's harm.[2] To meet [his/her] burden, the must show that there was greater likelihood or probability that the harm complained of was due to causes for which the defendant was responsible than from any other cause.[3]**

**The defendant's conduct was the legal cause of the plaintiff's injury if it was a substantial factor in bringing it about [and without which the harm would not have occurred. In other words, if the harm would have occurred anyway, the defendant is not liable].[4] [5]**

[1] *Simmons v. Monarch Machine Tool Co.*, 413 Mass. 205, 212, 596 N.E.2d 318, 323 (1992) (liability attaches where defect enhances the injuries a person sustains in an otherwise foreseeable accident).

[2] Restatement (Second) of Torts, § 430 (1965).

[3] *Mullins v. Pine Manor College*, 389 Mass. 47, 58, 449 N.E.2d 331, 338–39 (1983) (citing *McLaughlin v. Berstein*, 356 Mass. 219, 226, 249 N.E.2d 17, 22 (1969)).

[4] The bracketed portions are applicable only in cases of "but for" causation. "But for" causation does not apply in cases of concurrent causes, each of which are sufficient to bring about a harm to the plaintiff. Restatement (Second) of Torts § 432 (1965). For example, two fires merge and the combined fire destroys the plaintiff's property, although either fire would have done so alone. In concurrent cause cases, regardless of whether the concurring acts of others were negligent, the "substantial factor" test must be used. *O'Connor v. Raymark Indus., Inc.*, 401 Mass. 586, 591 518 N.E.2d 510, 512–13 (1988).

[5] The authors note that charging on 'but-for' causation is inappropriate in many cases, and would prefer the following instead of the bracketed language: " . . . the harm for which the plaintiff claims damages."

**COMPARATIVE NEGLIGENCE**

**Request #14:**

**As a defense to this action, the defendants[1] are claiming that the plaintiff [himself/herself] was negligent and that the plaintiff's own negligence caused [his/her] injuries. We have a law in Massachusetts called the "comparative negligence statute" that requires you, the jury, to compare the negligence, if any, of the defendants to the negligence, if any, of the plaintiff.[2]**

**Unlike the previous elements where the plaintiff has the burden of proof, as to this issue, the defendants have the burden of proving by a preponderance of the evidence that the plaintiff was negligent and that this negligence contributed[3] to cause the plaintiff's injuries.[4]**

**When you are determining whether the plaintiff was negligent, remember the instructions on causation. The plaintiff's negligence must have contributed to the cause of [his/her] injury for this comparative negligence analysis to apply.[5]**

**A plaintiff's negligence causally contributes to [his/her] injury if [he/she] ought to have foreseen that [his/her] conduct in connection with other causes would be likely to produce an accident. If you are convinced by a preponderance of the evidence that the plaintiff was negligent, you are to compare that negligence to the negligence of the defendants. To accomplish this comparison, determine the percentage that the plaintiff was negligent and the percentage that each defendant was negligent. The combined total of the negligence of the plaintiff and all the defendants must equal 100 percent. If the negligence of the plaintiff is greater than the combined negligence of the defendants, the plaintiff will not be entitled to recover any damages.[6]**

**If the negligence of the plaintiff is equal to or less than the negligence of all the defendants combined, the plaintiff's damages will be diminished by the percentage of [his/her] own negligence. If the negligence of the plaintiff is less than 50 percent, the amount you determine to be the plaintiff's damages will be reduced by that**

**percentile by the clerk. For example, if you determine that the plaintiff was 20 percent negligent and that the combined negligence of all defendants was 80 percent, the amount of the plaintiff's total damages will be reduced by 20 percent by the clerk. You should write in the full amount of the damages without making any deduction for comparative negligence, keeping in mind that the clerk will make any such deduction after you render your verdict.**

[1] Where more than one defendant is being sued, the jury is to compare the negligence of the plaintiff against the total negligence of all concurrent tortfeasors combined. G.L. c. 231, § 85; cf. *Riley v. Davison Constr. Co., Inc.*, 381 Mass. 432, 409 N.E.2d 1279 (1980).

[2] *Morgan v. Lalumiere*, 22 Mass.App.Ct. 262, 265, 493 N.E.2d 206, 208–09 (1956); G.L. c. 231, § 85. The defense of assumption of the risk was abolished under l973 Mass. Acts 1123, G.L. c. 231, § 85.

[3] Comparative negligence is not applicable to breach of warranty claims or where the defendant's conduct is willful or wanton. *Lane v. Meserve*, 20 Mass.App.Ct. 659, 663–64 & n.6, 482 N.E.2d 530, 532–33 (1985); see also *Devenberger v. Lutey*, 674 P.2d 485 (Mont. 1983).

[4] *Correia v. Firestone Tire & Rubber Co.*, 388 Mass. 342, 356, 446 N.E.2d 1033, 1040 (1983).

[5] While G.L. c. 231, § 85 (1973 Mass. Acts 1123) reinstated the plaintiff's "presumption of due care," the Massachusetts higher courts do not favor use of that language in an instruction.

[6] It is within the discretion of the judge to inform the jury that a finding of greater negligence of the plaintiff means a verdict for the defendant. However, where "the jurors ask questions as to the effect of their answers to special questions and a party requests that the judge inform the jurors as to the effects of their answers, the judge must do so." *Dilaveris v. Rich*, 424 Mass. 9, 15, 673 N.E.2d 562, 566 (1996).

**DAMAGES**

**Request #15:**

**The fourth element the plaintiff must prove is damages. You will only reach the issue of damages if you find that the defendant was negligent and that the defendant's negligence caused injury to the plaintiff.**

**As with all the other elements, the plaintiff bears the burden of proving [his/her] damages by a fair preponderance of the evidence.[1]**

**The purpose of the law in awarding damages is to compensate an injured person for the losses incurred because of another's negligent conduct.[2] The purpose is not to reward the plaintiff and not to punish the defendant.**

[1] W. P. Keeton, *Prosser and Keeton on Torts* § 54, at 359–67 (5th ed. 1984).

[2] *Sullivan v. Old Colony St. Ry.*, 200 Mass. 303, 308, 86 N.E. 511, 511 (1908).

**Request #16:**

**If you decide to award damages to the Plaintiff you may not take into account anything that is merely possible, speculative or imaginative.[1] Rather, your award must be based on reasonable probability and can be made on the basis of your collective common knowledge.[2]**

[1] *Bagley v. Kimball*, 268 Mass. 440, 442, 167 N.E.2d 661, 662 (1929).

[2] *Cross v. Scharaffa*, 281 Mass. 329, 332, 183 N.E. 838, 839 (1933); *Copson v. New York, New Haven & Hartford R.R. Co.*, 171 Mass. 233, 237, 50 N.E. 613, 614 (1898) ("It is no objection to a finding that a computation is made without the aid of mathematical experts . . . Every jury in assessing damages in certain classes of actions is at liberty to consider questions of this kind on their own common knowledge, and without the aid of expert testimony.")

**Request #17:**

**If you reach the issue of damages, in making any award of damages, there must not be any overlapping of the various elements constituting the damages.**

[1] *Rodgers v. Boynton*, 315 Mass. 279, 281, 52 N.E.2d 576, 577 (1943).

**Request #18:**

**Although you, the members of the Jury, are provided with forms which may be filled in to indicate findings as to the percentage of negligence attributable to the plaintiff, Stephen Malke, and the defendant, Transcontinental Refrigerated Lines, Inc. this does not mean that you must find negligence on the part of anyone. You may find that neither the plaintiff, Stephen Malke, nor the defendant, Transcontinental Refrigerated Lines, Inc. , was guilty of negligence in the circumstances of this case.**

**Request #19:**

**Even if you find that the injuries testified to by the plaintiff, Stephen Malke, as existing at the time of trial to be causally connected to the accident, you should award no damages for any alleged future impairment of earning capacity or future**

**medical expenses in the absence of medical testimony connecting future impairment or expenses.**

**Request #20:**

**Even if you find that the injuries testified to by the plaintiff Stephen Malke, as existing at the time of trial to be causally connected to the accident, you shall award no damages for any alleged future pain, suffering or disability in the absence of medical testimony connecting future pain, suffering or disability.**

**Request # 21:**

**The plaintiff must prove that physicians' services were necessary and that the charges were reasonable and that medical expenses were causally related to injuries sustained in the accident to permit an award for the medical expenses.**

*Phelps v. MacIntyre,* 397 Mass. 459, 464 (1986).

**Request #22:**

**The jury is not bound to believe the testimony of any one medical expert, or indeed the testimony of all the medical experts, even though their testimony was uncontradicted.**

*Dodge v. Sawyer,* 288 Mass. 402, 408 (1934).

**Request #23:**

**An expert's conclusions are not binding on you, the Jury. you may decline to adopt any one or all of an expert's conclusions.**

*Dodge v. Sawyer,* 288 Mass. at 408.


**Request #24:**

**Your award must be based on the evidence before you in this case. The award will not be subject to federal or state income taxation and therefore you should not consider such taxes in fixing the amount of your award.**

*Griffin v. General Motors Corp.*, 380 Mass. 362, 367-70 (1980).


**Request #25:**

**Your decision in this case should be based on the evidence presented at trial only and not on your own personal experiences.**

        Respectfully submitted,
        Transcontinental Refrigerated Lines, Inc.
        By its attorney,


        _/s/ Andrew J. Fay_____
        Andrew J. Fay, BBO #5500058
        TOBIN, SULLIVAN, FAY &
        GRUNEBAUM
        60 William Street
        Wellesley, MA 02481
        (781) 237-0877