UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 05-30149-KPN

STEVEN J. MALKE,
              Plaintiff

v.

TRANSCONTINENTAL REFRIGERATED
LINES, INC.
              Defendant
.

## MOTION IN LIMINE OF DEFENDANT TO PROHIBIT EXPERT TESTIMONY

The Defendant, Transcontinental Refrigerated Lines, Inc. hereby moves for an order prohibiting the Plaintiff from introducing any expert testimony at trial on the grounds that Plaintiff has failed to designate experts in accordance with the Courts' orders.  More specifically:

### PROCEDURAL BACKGROUND

1.    This action was originally filed on May 4, 2005 in the Hampton Superior Court. The action was removed by the Defendant to this Court on June 22, 06.

2.    Following the Scheduling Conference on September 21, 2001, the Court issued a Scheduling Order which provided, in part:

> "*Plaintiff shall designate and disclose information regarding his trial experts as required by Fed.R.Civ.P. 26(a)(2) by May 1, 2006.* … Defendant shall designate and disclose information regarding its' trial experts as required by Fed.R. Civ. P. 26(a)(2) by June 30, 2006.   …All expert depositions shall be completed by July 31, 2006."  (emphasis added)

Ex. A.

3.      On October 19, 2005 Defendant propounded the following interrogatory, among

others, upon the Plaintiff:

> "2.     Please identify each expert whom you expect to call as an expert witness
> by stating his name, home and business address, profession or occupation and
> describing the subject matter upon which he is expected to testify, the substance
> of the facts including his background, education, training and experience to which
> he is expected to testify, the opinions to which he is expected to testify, and
> summary of the grounds for each such opinion."

On November 21, 2005, Plaintiff responded to that interrogatory as follows:

> "V. Patel, M.D., 1515 Allen Street, Springfield, MA 01118, (413)783-9114,
> performed the first initial evaluation after the accident.  Anthony Rizzo, M.D.,
> 1515 Allen Street, Springfield, MA 01118, (413)783-9114, discussed the x-ray
> relating to the tear of the right shoulder; Lawrence H. Field, M.D., 780 Chestnut
> Street, Springfield, MA 01107, (413)846-4330, discuss his past medical history
> and the injuries that were caused from the accident, and Paul Smiley, M.D., 41
> Mall Road, Burlington, MA 01805, (781)744-5100, to discuss his finding, surgery
> and loss of function."

Ex. B.

4.      At the Case Management Conference before Neiman, U.S.M.J. on May 26, 2006,
Plaintiff requested that the time within which Plaintiff must designate and disclose his
trial experts' (e.g., medical doctors') testimony be extended until June 15, 2006.
5.      At the Case Management Conference the Court informed Plaintiff that the fact
his anticipated experts were treating doctors did not avoid plaintiff's obligation to
designate and disclose their anticipated testimony pursuant to Fed.R.Civ.P. 26(a)(2).  The
Court also issued a "Revised Schedule" on May 26, 2006 which provided, in part, the
following:

> "*Plaintiff shall designate and disclose information regarding his trial experts as
> required by Fed. R. Civ. P. 26(a)(2) by June 15, 2006*. . . . Defendant shall
> designate and disclose information regarding his trial experts as required by Fed.
> R. Civ. P. 26(a)(2) by June 30, 2006.  . . . All expert deposition shall be completed
> by July 31, 2006."  (emphasis added)

Ex. C.  The Courts' revised Scheduling Order further provided that "Counsel shall appear

for a final pretrial conference on September 21, 2006, at 2:00 p.m. in Courtroom One."

2

The Court also issued a Procedural Order regarding a final Pre-Trial Conference/Trial on May 26, 2006.  Ex. C.

4.      On June 20, 2006, in response to the fact that the Revised Schedule shortened the time for Defendants' expert disclosure from sixty (60) days to fifteen (15), Defendant moved that then current Scheduling Order be amended to extend the time for Defendant's expert disclosure from June 30, 2006 to August 15, 2006, so that the revised Scheduling Order provided Defendant with the sixty (60) days for the Defendant to designate experts that the original Scheduling Order provided.

5.      On June 21, 2006, the Court, Neiman, U.S.M.J., issued a "Further Scheduling Order" which provided that

> "Defendant shall designate and disclose information regarding its' trial experts as required by Fed.  R. Civ. P. 26(a)(2) by August 15, 2006.  . . . All expert depositions shall be completed by September 15, 2006.  . . .  There shall be no further extensions.  The Final Pre-Trial Conference shall go forward as scheduled on September 21, 2006, at 2:00 p.m. in Courtroom One before District Judge Michael A. Ponsor.  Pre-trial memoranda shall be prepared in accordance with the provisions of Local Rule 16.5 (D) and the Procedural Order entered on May 26, 2006."  (emphasis added)

Ex. D.

6.      In the Joint Pretrial Memorandum filed on September 18, 2006 Plaintiff states he intends to call the following witnesses to testify in the following manner:

> "4.      Lawrence Field, M.D., is expected to testify regarding her (sic) care and treatment.
> 5.      Paul Smiley, M.D., is expected to testify about his treatment of the Plaintiff's injuries including surgery and follow up treatment."

**ARGUMENT**

3

7.      Plaintiff has failed to comply with the Court's September 21, 2005 and May 26,

2006 Orders expressly requiring Plaintiff to designate and disclose information regarding

his trial experts as required by Fed. R. Civ. P. 26 (a)(2).  Plaintiff has done so despite the

Court's admonition at the Case Management Conference on May 26, 2006 that plaintiff is

obligated to designate and disclose his medical doctor experts' anticipated testimony

pursuant to Fed. R. Civ. P. 26 (a)(2).  Further, Plaintiff has done so despite Plaintiff

requesting, in response to the Court's admonition at the Case Management Conference,

and receiving from the Court additional time (up to June 15, 2006) to designate and

disclose his experts.

8.      In reliance on Plaintiff's failure to designate any expert witnesses experts to

          testify

at trial as required by the Courts' September 21, 2005 and May 26, 2006 Orders, the

Defendant has elected not to designate any experts witnesses.

9.      Plaintiff's response to Defendant's Interrogatory No. 2 is inadequate

and fails to adequately apprise Defendant of Plaintiff's proposed expert witnesses'

anticipated testimony.

10.     Defendant would be greatly prejudiced if Plaintiff were permitted to call any

expert witnesses at trial.  See, e.g., Geiserman v. McDonald, 893 F.2d 787, 791 (5th Cir.

1990) (District court's decision to exclude expert witness testimony in legal malpractice

case based on Plaintiff's failure to designate experts until two weeks after deadline was

not abuse of discretion); see also, The Reagents of the University of Michigan v.

Genesearch, L.L.C., 2003 WL 2267582 *2 (Fed. Cir. 2003) (Unpublished Opinion)

4

(Exclusion of report offered by expert witnesses of competitors, who failed to timely notify patentees and court of their intention to designate witness as expert in violation of scheduling order and rules of civil procedure, was not an abuse of discretion).

WHEREFORE, the Defendant, Transcontinental Refrigerated Lines, Inc. hereby requests the Court order that the Plaintiff be prohibited from introducing any expert testimony at trial.

Respectfully submitted,
Transcontinental Refrigerated Lines, Inc.
By its attorney,


/s/ Andrew J. Fay_____
Andrew J. Fay, BBO #5500058
Tracy L. Davis, BBO# 641440
TOBIN, SULLIVAN, FAY & GRUNEBAUM
60 William Street
Wellesley, MA 02481
(781) 237-0877

5

6

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| STEVEN MALKE, | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil Action No.  05-30149-MAP |
| | ) | |
| | ) | |
| TRANSCONTINENTAL | ) | |
| REFRIGERATED LINES, | ) | |
| Defendant | ) | |

SCHEDULING ORDER
September 21, 2005

NEIMAN, U.S.M.J.

The following schedule was established at the initial scheduling conference this

day:

1.    The parties shall complete their automatic disclosures by September 30,

2005.

2.    All written discovery and non-expert depositions shall be completed by

March 31, 2006.

3.    Counsel shall appear for a case management conference on April 3,

2006, at 10:00 a.m. in Courtroom Three.

4.    Plaintiff shall designate and disclose information regarding his trial experts

as required by FED. R. CIV. P. 26(a)(2) by May 1, 2006.

5.    Defendant shall designate and disclose information regarding its trial

experts as required by FED. R. CIV. P. 26(a)(2) by June 30, 2006.

6.     All expert depositions shall be completed by July 31, 2006.

IT IS SO ORDERED.


Dated: September 21, 2005                    /s/ Kenneth P. Neiman
                                             KENNETH P. NEIMAN
                                             U.S. Magistrate Judge

2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


STEVEN MALKE, )
                    Plaintiff )
                                  )
                                  )
        v. )          Civil Action No.  05-30149-MAP
                                  )
                                  )
TRANSCONTINENTAL )
REFRIGERATED LINES, )
                    Defendant )


SCHEDULING ORDER
September 21, 2005

NEIMAN, U.S.M.J.

The following schedule was established at the initial scheduling conference this

day:

1.    The parties shall complete their automatic disclosures by September 30,

2005.

2.    All written discovery and non-expert depositions shall be completed by

March 31, 2006.

3.    Counsel shall appear for a case management conference on April 3,

2006, at 10:00 a.m. in Courtroom Three.

4.    Plaintiff shall designate and disclose information regarding his trial experts

as required by FED. R. CIV. P. 26(a)(2) by May 1, 2006.

5.    Defendant shall designate and disclose information regarding its trial

experts as required by FED. R. CIV. P. 26(a)(2) by June 30, 2006.

6.    All expert depositions shall be completed by July 31, 2006.

IT IS SO ORDERED.


Dated: September 21, 2005              /s/ Kenneth P. Neiman
                                       KENNETH P. NEIMAN
                                       U.S. Magistrate Judge


2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| STEVEN J. MALKE, | ) | Civil Action No. 05-30149-KPN |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TRANSCONTINENTAL REFRIGERATED | ) | |
| LINES, INC. | ) | |
| Defendant | ) | |

### PLAINTIFF'S ANSWERS TO INTERROGATORIES PROPOUNDED BY DEFENDANT, TRANSCONTINENTAL REFRIGERATED LINES, INC.

1. State your name, residential address, occupation, business address, date of birth and social security number.

    a.    State the name, home and business address, telephone number, date of birth, social security number, occupation and relationship to any party to this action of each person who supplied factual information upon which the Plaintiff has relied in preparing answers to these interrogatories.

    b.    Describe in full and complete detail each document and tangible object examined in preparation of answers to these interrogatories being certain to identify each such document.

ANSWER:
Steven John Malke, Sr., 59 College Street, Chicopee, MA 01020;  Occupation:  Truck Driver;
█████████
a.    **Maureen Janet Malke**, 59 College Street, Chicopee, MA  01020; 780 Chestnut Street, Springfield, MA  01107; (413) 533-2614; ████████████ ; Licensed Practical Nurse/Office Manager.
b.    Estes Express Lines Vehicle Accident Report, treating medical doctors' reports, MRI reports, x-ray reports and the name of the driver who caused the accident.

2. Please identify each expert whom you expect to call as an expert witness by stating his name, home and business address, profession or occupation and describing the subject matter upon which he is expected to testify, the substance of the facts including his background, education, training and experience to which he is expected to testify, the opinions to which he is expected to testify, and summary of the grounds for each such opinion.

ANSWER:
V. Patel, M.D., 1515 Allen Street, Springfield, MA  01118, (413) 783-9114, performed the first initial evaluation after the accident.  Anthony Rizzo, M.D., 1515 Allen Street, Springfield, MA

01118, (413) 783-9114, discussed the x-ray relating to the tear of the right shoulder; Lawrence H. Field, M.D., 780 Chestnut Street, Springfield, MA 01107, (413) 846-4330, discuss his past medical history and the injuries that were caused from the accident, and Paul Smiley, M.D., 41 Mall Road, Burlington, MA 01805 (781) 744-5100, to discuss his findings, surgery and loss of function.

3. Please identify each investigator retained for the plaintiff, by stating his name, employer, business address and private investigator license number stating generally what he did, whom he interviewed and what he photographed or videotaped or diagramed.

ANSWER:    None.

4. State the name, residential address, occupation, business address, telephone number, date of birth, social security number and relationship to each party to this civil action of the following:

      a.      Each and person known to you to have knowledge of any facts which support your contention that acts or omissions of this Defendant caused the damages you claim;

      b.      Any witness to the accident;

      c.      The registered owner of the motor vehicle you were operating or using (including as a passenger) on the day of the accident;

      d.      Anyone with or information about your complaints at any time before the accident about any part of your body which you complain was injured by this defendant;

ANSWER:

a.      Estes Express Lines, 84 New Lombard Road, Chicopee, MA  01020.  I was hired on April 1, 1996 and terminated on 1/24/05;

b.      None;

c.      Estes Express Lines, 84 New Lombard Road, Chicopee, MA;

d.      Maureen Malke.

5.      Describe in full and complete detail each negligent act or omission of the defendant you claim caused your injury.

ANSWER:

Objection: This interrogatory calls for the plaintiff to make legal conclusions.  Subject to said objection the Defendant negligently operated his vehicle causing his vehicle to strike the tractor-trailer that contained the Plaintiff.

6. Describe in full and complete detail each negligent act or omission you claim of any other person who caused your injury.

ANSWER:

Objection: This interrogatory calls for the plaintiff to make legal conclusions.  Subject to said objection the Defendant negligently operated his vehicle causing his vehicle to strike the tractor-trailer that contained the Plaintiff.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS ___ DAY
OF NOVEMBER, 2005.

Steven J. Malke Sr

Steven Malke

"I HEREBY CERTIFY THAT A TRUE COPY OF THE
FOREGOING DOCUMENT WAS SERVED UPON EACH
PARTY APPEARING PRO SE AND THE ATTORNEY
OF RECORD FOR EACH PARTY BY MAIL, (IN HAND)
ON 11/21/05

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

STEVEN MALKE,             )
          Plaintiff     )
             )
             )
         v.          )     Civil Action No.  05-30149-MAP
             )
             )
TRANSCONTINENTAL     )
REFRIGERATED LINES,     )
         Defendant   )

## SCHEDULING ORDER
September 21, 2005

NEIMAN, U.S.M.J.

The following schedule was established at the initial scheduling conference this day:

1.     The parties shall complete their automatic disclosures by September 30, 2005.

2.     All written discovery and non-expert depositions shall be completed by March 31, 2006.

3.     Counsel shall appear for a case management conference on April 3, 2006, at 10:00 a.m. in Courtroom Three.

4.     Plaintiff shall designate and disclose information regarding his trial experts as required by FED. R. CIV. P. 26(a)(2) by May 1, 2006.

5.     Defendant shall designate and disclose information regarding its trial experts as required by FED. R. CIV. P. 26(a)(2) by June 30, 2006.

6.     All expert depositions shall be completed by July 31, 2006.

IT IS SO ORDERED.


Dated: September 21, 2005                    /s/ Kenneth P. Neiman
                                             KENNETH P. NEIMAN
                                             U.S. Magistrate Judge

2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| STEVEN J. MALKE, | ) | Civil Action No. 05-30149-KPN |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TRANSCONTINENTAL REFRIGERATED | ) | |
| LINES, INC. | ) | |
| Defendant | ) | |

### PLAINTIFF'S ANSWERS TO INTERROGATORIES PROPOUNDED BY DEFENDANT, TRANSCONTINENTAL REFRIGERATED LINES, INC.

1.State your name, residential address, occupation, business address, date of birth and social security number.

      a.    State the name, home and business address, telephone number, date of birth, social security number, occupation and relationship to any party to this action of each person who supplied factual information upon which the Plaintiff has relied in preparing answers to these interrogatories.

      b.    Describe in full and complete detail each document and tangible object examined in preparation of answers to these interrogatories being certain to identify each such document.

ANSWER:
Steven John Malke, Sr., 59 College Street, Chicopee, MA 01020;   Occupation:   Truck Driver;
█████████.

a.    Maureen Janet Malke, 59 College Street, Chicopee, MA   01020; 780 Chestnut Street, Springfield, MA  01107; (413) 533-2614; ███████████ Licensed Practical Nurse/Office Manager.

b.    Estes Express Lines Vehicle Accident Report, treating medical doctors' reports, MRI reports, x-ray reports and the name of the driver who caused the accident.

2. Please identify each expert whom you expect to call as an expert witness by stating his name, home and business address, profession or occupation and describing the subject matter upon which he is expected to testify, the substance of the facts including his background, education, training and experience to which he is expected to testify, the opinions to which he is expected to testify, and summary of the grounds for each such opinion.

ANSWER:
V. Patel, M.D., 1515 Allen Street, Springfield, MA  01118, (413) 783-9114, performed the first initial evaluation after the accident.  Anthony Rizzo, M.D., 1515 Allen Street, Springfield, MA

01118, (413) 783-9114, discussed the x-ray relating to the tear of the right shoulder; Lawrence H. Field, M.D., 780 Chestnut Street, Springfield, MA 01107, (413) 846-4330, discuss his past medical history and the injuries that were caused from the accident, and Paul Smiley, M.D., 41 Mall Road, Burlington, MA 01805 (781) 744-5100, to discuss his findings, surgery and loss of function.

3. Please identify each investigator retained for the plaintiff, by stating his name, employer, business address and private investigator license number stating generally what he did, whom he interviewed and what he photographed or videotaped or diagramed.

ANSWER:    None.

4. State the name, residential address, occupation, business address, telephone number, date of birth, social security number and relationship to each party to this civil action of the following:

      a.      Each and person known to you to have knowledge of any facts which support your contention that acts or omissions of this Defendant caused the damages you claim;

      b.      Any witness to the accident;

      c.      The registered owner of the motor vehicle you were operating or using (including as a passenger) on the day of the accident;

      d.      Anyone with or information about your complaints at any time before the accident about any part of your body which you complain was injured by this defendant;

ANSWER:
a.      Estes Express Lines, 84 New Lombard Road, Chicopee, MA  01020.  I was hired on April 1, 1996 and terminated on 1/24/05;

b.      None;

c.      Estes Express Lines, 84 New Lombard Road, Chicopee, MA;

d.      Maureen Malke.

5.      Describe in full and complete detail each negligent act or omission of the defendant you claim caused your injury.

ANSWER:
Objection: This interrogatory calls for the plaintiff to make legal conclusions.  Subject to said objection the Defendant negligently operated his vehicle causing his vehicle to strike the tractor-trailer that contained the Plaintiff.

6. Describe in full and complete detail each negligent act or omission you claim of any other person who caused your injury.

ANSWER:
Objection: This interrogatory calls for the plaintiff to make legal conclusions.  Subject to said objection the Defendant negligently operated his vehicle causing his vehicle to strike the tractor-trailer that contained the Plaintiff.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS _____ DAY
OF NOVEMBER, 2005.


_____
Steven Malke


"I HEREBY CERTIFY THAT A TRUE COPY OF THE
FOREGOING DOCUMENT WAS SERVED UPON EACH
PARTY APPEARING PRO SE AND THE ATTORNEY
OF RECORD FOR EACH PARTY BY MAIL, (IN HAND)
ON _11/21/05_____

_____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STEVEN MALKE,                )
                Plaintiff    )
                             )
                             )
        v.                   )       Civil Action No.  05-30149-MAP
                             )
                             )
TRANSCONTINENTAL             )
REFRIGERATED LINES,          )
                Defendant    )

REVISED SCHEDULING ORDER
May 26, 2006

NEIMAN, U.S.M.J.

The following schedule was established at the case management conference this

day:

1.    The remaining non-expert depositions shall be completed by June 1,

      2006.

2.    Plaintiff shall designate and disclose information regarding his trial experts

      as required by FED. R. CIV. P. 26(a)(2) by June 15, 2006.

3.    Defendant shall designate and disclose information regarding its trial

      experts as required by FED. R. CIV. P. 26(a)(2) by June 30, 2006.

4.    All expert depositions shall be completed by July 31, 2006.

5.    Counsel shall appear for a final pretrial conference on September 21,

      2006, at 2:00 p.m. in Courtroom One.  Pre-trial memoranda shall be

      prepared in accordance with the provisions of Local Rule 16.5(D) and the

Procedural Order entered this day.

IT IS SO ORDERED.

May 26, 2006
Dated

/s/ Kenneth P. Neiman
KENNETH P. NEIMAN
U.S. Magistrate Judge

2

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

STEVEN MALKE,
Plaintiff

v.

Civil Action No. 05-30149-MAP

TRANSCONTINENTAL
REFRIGERATED LINES,
Defendant

## SCHEDULING ORDER
September 21, 2005

NEIMAN, U.S.M.J.

The following schedule was established at the initial scheduling conference this day:

1. The parties shall complete their automatic disclosures by September 30, 2005.

2. All written discovery and non-expert depositions shall be completed by March 31, 2006.

3. Counsel shall appear for a case management conference on April 3, 2006, at 10:00 a.m. in Courtroom Three.

4. Plaintiff shall designate and disclose information regarding his trial experts as required by FED. R. CIV. P. 26(a)(2) by May 1, 2006.

5. Defendant shall designate and disclose information regarding its trial experts as required by FED. R. CIV. P. 26(a)(2) by June 30, 2006.

6.    All expert depositions shall be completed by July 31, 2006.

IT IS SO ORDERED.


Dated: September 21, 2005                  /s/ Kenneth P. Neiman
                                          KENNETH P. NEIMAN
                                          U.S. Magistrate Judge

2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| STEVEN J. MALKE, | ) | Civil Action No. 05-30149-KPN |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TRANSCONTINENTAL REFRIGERATED | ) | |
| LINES, INC. | ) | |
| Defendant | ) | |

### PLAINTIFF'S ANSWERS TO INTERROGATORIES PROPOUNDED BY DEFENDANT, TRANSCONTINENTAL REFRIGERATED LINES, INC.

1. State your name, residential address, occupation, business address, date of birth and social security number.

      a.    State the name, home and business address, telephone number, date of birth, social security number, occupation and relationship to any party to this action of each person who supplied factual information upon which the Plaintiff has relied in preparing answers to these interrogatories.

      b.    Describe in full and complete detail each document and tangible object examined in preparation of answers to these interrogatories being certain to identify each such document.

ANSWER:
Steven John Malke, Sr., 59 College Street, Chicopee, MA 01020;  Occupation:  Truck Driver; ██████████

a.    **Maureen Janet Malke,** 59 College Street, Chicopee, MA  01020; 780 Chestnut Street, Springfield, MA  01107; (413) 533-2614; ████████████████ ; Licensed Practical Nurse/Office Manager.

b.    Estes Express Lines Vehicle Accident Report, treating medical doctors' reports, MRI reports, x-ray reports and the name of the driver who caused the accident.

2. Please identify each expert whom you expect to call as an expert witness by stating his name, home and business address, profession or occupation and describing the subject matter upon which he is expected to testify, the substance of the facts including his background, education, training and experience to which he is expected to testify, the opinions to which he is expected to testify, and summary of the grounds for each such opinion.

ANSWER:
V. Patel, M.D., 1515 Allen Street, Springfield, MA  01118, (413) 783-9114, performed the first initial evaluation after the accident.  Anthony Rizzo, M.D., 1515 Allen Street, Springfield, MA

01118, (413) 783-9114, discussed the x-ray relating to the tear of the right shoulder; Lawrence H. Field, M.D., 780 Chestnut Street, Springfield, MA 01107, (413) 846-4330, discuss his past medical history and the injuries that were caused from the accident, and Paul Smiley, M.D., 41 Mall Road, Burlington, MA 01805 (781) 744-5100, to discuss his findings, surgery and loss of function.

3. Please identify each investigator retained for the plaintiff, by stating his name, employer, business address and private investigator license number stating generally what he did, whom he interviewed and what he photographed or videotaped or diagramed.

ANSWER:    None.

4. State the name, residential address, occupation, business address, telephone number, date of birth, social security number and relationship to each party to this civil action of the following:

      a.    Each and person known to you to have knowledge of any facts which support your contention that acts or omissions of this Defendant caused the damages you claim;

      b.    Any witness to the accident;

      c.    The registered owner of the motor vehicle you were operating or using (including as a passenger) on the day of the accident;

      d.    Anyone with or information about your complaints at any time before the accident about any part of your body which you complain was injured by this defendant;

ANSWER:

a.    Estes Express Lines, 84 New Lombard Road, Chicopee, MA  01020.  I was hired on April 1, 1996 and terminated on 1/24/05;

b.    None;

c.    Estes Express Lines, 84 New Lombard Road, Chicopee, MA;

d.    Maureen Malke.

5.    Describe in full and complete detail each negligent act or omission of the defendant you claim caused your injury.

ANSWER:
Objection: This interrogatory calls for the plaintiff to make legal conclusions.  Subject to said objection the Defendant negligently operated his vehicle causing his vehicle to strike the tractor-trailer that contained the Plaintiff.

6. Describe in full and complete detail each negligent act or omission you claim of any other person who caused your injury.

ANSWER:
Objection: This interrogatory calls for the plaintiff to make legal conclusions.  Subject to said objection the Defendant negligently operated his vehicle causing his vehicle to strike the tractor-trailer that contained the Plaintiff.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS _____ DAY OF NOVEMBER, 2005.

_Steven J. Malke Sr._
**Steven Malke**

"I HEREBY CERTIFY THAT A TRUE COPY OF THE
FOREGOING DOCUMENT WAS SERVED UPON EACH
PARTY APPEARING PRO SE AND THE ATTORNEY
OF RECORD FOR EACH PARTY BY MAIL, (IN HAND)

ON _11/21/05_

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| STEVEN MALKE, | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil Action No.  05-30149-MAP |
| | ) | |
| | ) | |
| TRANSCONTINENTAL | ) | |
| REFRIGERATED LINES, | ) | |
| Defendant | ) | |

REVISED SCHEDULING ORDER
May 26, 2006

NEIMAN, U.S.M.J.

The following schedule was established at the case management conference this day:

1.    The remaining non-expert depositions shall be completed by June 1, 2006.

2.    Plaintiff shall designate and disclose information regarding his trial experts as required by FED. R. CIV. P. 26(a)(2) by June 15, 2006.

3.    Defendant shall designate and disclose information regarding its trial experts as required by FED. R. CIV. P. 26(a)(2) by June 30, 2006.

4.    All expert depositions shall be completed by July 31, 2006.

5.    Counsel shall appear for a final pretrial conference on September 21, 2006, at 2:00 p.m. in Courtroom One.  Pre-trial memoranda shall be prepared in accordance with the provisions of Local Rule 16.5(D) and the

)

)

Procedural Order entered this day.

IT IS SO ORDERED.

May 26, 2006
Dated

/s/ Kenneth P. Neiman
KENNETH P. NEIMAN
U.S. Magistrate Judge

2

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| STEVEN MALKE, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-30149-MAP |
| | ) | |
| | ) | |
| TRANSCONTINENTAL | ) | |
| REFRIGERATED LINES, | ) | |
| Defendant | ) | |

### FURTHER SCHEDULING ORDER
June 21, 2006

NEIMAN, C.M.J.

The court allows Defendant's assented-to motion to extend deadlines (Document No. 15) as follows:

1. Defendant shall designate and disclose information regarding its trial experts as required by FED. R. CIV. P. 26(a)(2) by August 15, 2006.

2. All expert depositions shall be completed by September 15, 2006.

3. There shall be no further extensions. The final pretrial conference shall go forward as scheduled on September 21, 2006, at 2:00 p.m. in Courtroom One before District Judge Michael A. Ponsor. Pre-trial memoranda shall be prepared in accordance with the provisions of Local Rule 16.5(D) and the Procedural Order entered on May 26, 2006.

IT IS SO ORDERED.

   /s/ Kenneth P. Neiman
   KENNETH P. NEIMAN
   Chief Magistrate Judge