FILED

2006 SEP 21 A 9: 42

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STEVEN J. MALKE, )
      Plaintiff )
)
v. )
) Civil Action No. 05-30149-KPN
TRANSCONTINENTAL REFRIGERATED )
LINES, INC. )
      Defendant )

### PLAINTIFF'S REQUEST FOR INSTRUCTIONS TO THE JURY

1. Negligence is the failure to use that degree of care which a reasonably prudent person would use under the circumstances, either by doing something that a reasonably prudent person would not do, or by failing to do something that a reasonably prudent person would do under similar circumstances.

   Before one can be negligent, one must owe a duty of reasonable care to another person. Motorists owe such a duty to other members of the public in the operation of their vehicle. _Morgan vs. Lalumiere_, 22 Mass. App. Ct. 262, 267, (1986).

2. Your determination of how a prudent person should act in these circumstances will form the basis of what is reasonable care under the facts of this case.

   After making this determination, you are to compare the standard of reasonable care of a prudent person with the type of care exercised by this defendant. In determining whether or not the defendant acted with reasonable care, you are to

consider not only whether it knew of the risks involved, but also whether it should have known of the risks.

If, however, you find that the defendant did not exercise the amount of care which a reasonably prudent person would have exercised under the same circumstances, then you must find that the defendant breached its duty of care to the plaintiff. <u>Romano vs. Romano vs. Massachusetts Port Auth.</u>, 3 Mass. App. Ct. 765, 330 N.E. 2d 495 (1975), and Restatement (Second) of Torts § 290 (1965).

3.  In a civil case, the party having the burden of persuading you need only prove that a fact exists by a "preponderance of the evidence." To establish a fact by a preponderance of the evidence means to prove that it is more likely to be so than not to be so. You must weigh the evidence that supports a fact in issue and compare it with the evidence opposed to that fact. A fact is proved by preponderance of the evidence if, in weighing the evidence, that fact appears even slightly more likely or probable, notwithstanding any doubts that may still linger in your minds. See generally, <u>Hughes</u>, 19 Mass. Practice Series (Evidence) 32-34 (1961); <u>Liacos, Handbook of Massachusetts Evidence</u>, §5.2.1 (6th Ed. 1994); <u>Sargent vs. Massachusetts Accident Co.</u>, 307 Mass. 246, 250 (1940).

4.  In a civil case, the burden of persuasion is on the plaintiff as to some issues and on the defendants as to others. The plaintiff has the burden of persuading you as to the facts necessary to establish liability. The defendants have the burden of persuading you as to the facts necessary to establish their affirmative defenses. Leach and Liacos, Handbook of Massachusetts Evidence 44-45 (4th Ed. 1967).

5.  The degree of care which a reasonable person must exercise must be commensurate with the risks and dangers to be avoided. Thus, if it is foreseeable that grave consequences could result, such as serious injury or death, a higher degree of care may be required. Parsons vs. Dwighstate Co, 301 Mass. 324 (1938).

6.  Put another way, when you consider whether the defendants exercised due care, you should determine what burdens would have been reasonable for them to assume in light of the relative expense or in expense of these burdens, and their difficulty or ease — as weighed against the probability and seriousness of the foreseeable harm to others. Mounsey vs. Ellard, 363 Mass. 693, 708-709 (1973).

7.  Mr. Malke is presumed by the law to have been in the exercise of reasonable care at the time of the accident. Thus, establishing causal negligence on his part is an affirmative defense on which the defendants have the burden of proof. To meet that burden, the defendants must prove any such alleged negligence and its causal relationship to the accident by a fair preponderance of the credible evidence. G. L.

c. 231, § 85.

8. Plaintiff will have sustained his burden of proving a causal connection between the accident and any negligence of the defendant if such negligence was a *substantial factor* in bringing about the accident. A substantial factor is one creating a force or a series of happenings that lead to an accident. *Bernier vs. Boston Edision Co.*, 380 Mass, 372, 386 (1980).

9. A defendant who is negligent is not relieved of liability just because another's negligence might also be a factor in causing the injury. A plaintiff may recover for injuries which the defendant's negligence was a substantial factor in causing, even if the concurrent negligence of others contributed to the incident. *Delicata vs. Bourlesses*, 9 Mass. App. Ct. 713, 720 (1980).

10. If you find the defendant liable, you are to determine the plaintiff's damages. The term "damages" refers to all the factors going to make up the total amount which plaintiff may recover under the law. *Binder vs. Harris*, 267 Mass. 162, 166 N.E. 707 (1929).

11. When considering what the plaintiff must show in order to be awarded full, fair and reasonable damages, recovery is not barred if there is an element of uncertainty in plaintiff's damages. Much can and must be left to the judgment and estimate of you, the finders of facts. Stuart vs. Brookline, 412 Mass. 251, 587 N.E.2d 1384 (1992).

The extent of damages may be established by just and reasonable inference, even if the result is approximate. A wrongdoer is not entitled to complain that damages for which it is responsible cannot be measured with precision. Rombola vs. Cosindas, 351 Mass. 382, 220 N.E. 2d 919 (1966).

12. Mr. Malke may recover fair compensation for his past, present and future physical injuries and for any mental pain and suffering which he experienced as a result of his own injuries. Cuddy vs. L & M Equipment Co., 352 Mass. 458, 225 N.E. 2d 904 (1967).

13. In evaluating Mr. Malke's personal injury damages, you may take into account such factors as emotional and mental distress, loss of enjoyment of life and loss of familial relations, which he sustained as a result of his own injuries. doCanto vs. Ametek, Inc., 367 Mass. 776, 787-788, 328 N.E.2d 873 (1975).

Financial loss due to the payment of medical and similar expenses is one item of damages recoverable for tortious injury to a person. Saltzberg vs. Lumbermens Mut. Casualty Co., 326 Mass. 351, 9 N.E. 2d 269 (1950).

14. Another area of damages for your consideration is loss of earning capacity. <u>Griffin vs. General Motors Corp.</u>, 380 Mass. 362, 366, 403 N.E. 2d 402, 405 (1980).

15. Whether we are employed, are retired, or never have worked in our lives, each of us has the ability to earn money, which is called an earning capacity. The ability, the capacity to earn money, varies from individual to individual depending upon a number of factors. Such factors may include evidence of earnings before and after the injury, occupation, education, capacity, training, experience, health, habits, talents that a person has, skills that a person has, intelligence and industry. <u>Doherty vs. Ruiz</u>, 302 Mass. 145, 147, 18 N.E. 2d 542, 543 (1939).

16. If someone hurts us so that we cannot exercise that ability for whatever length of time and that earning capacity is affected, then that is an area or element of damage to be considered by you. [Even when a person does not lose wages because [his/her] pay is continued by [his/her] employer as a gratuity or as compensation for disability, this person may nevertheless recover damages for impairment of earning capacity.] <u>Donaghue vs. Holyoke St. Ry.</u>, 246 Mass. 485, 493, 141 N.E. 278, 280-81 (1983).

"[And,] a person may have an earning capacity in excess of the wages paid him or her in the job that he [or she] happens to have at the time of the injury." <u>Doherty vs. Ruiz</u>, 302 Mass. 145, 146, 18 N.E. 2d 542, 548 (1939).

Evidence of wages paid is but one factor in your determination of diminution of earning capacity. Bear in mind that it is the diminution in earnings capacity of this plaintiff [himself] and not some standard of normal person in [his] position, that furnishes the test. <u>Doherty vs. Ruiz</u>, 302 Mass. 145, 147, 18 N.E. 2d 542, 544 (1939).

17. Therefore, you may consider evidence of what the plaintiff did until his accident, what plaintiff's interests were, what the plaintiff's training and experience had been, what the plaintiff's talents were, and generally what he was like in order to help determine his capacity to earn since the accident and into the future. You may not take into account anything that is merely possible, speculative or imaginative. <u>Bagley vs. Kimball</u>, 268 Mass. 440, 442, 167 N.E. 2d 661, 662 (1929). Rather, your award must be based on reasonable probability and can be made on the basis of your collective common knowledge. <u>Cross vs. Sharaffa</u>, 281 Mass. 329, 332, 183 N.E. 838, 839 (1933).

18. If you find that the plaintiff Steven Malke suffered mental or emotional distress as a result of his own injuries, you may compensate him for past, present and future pain and suffering associated with such emotional distress, including compensation for mental anguish, nervous shock, emotional disturbance, fright, terror, alarm and

anxiety. You may include in your award any amount which you feel will fairly compensation Mr. Malke for the deterioration of his physical and emotional health, as a result of his own injuries. *Simon vs. Soloman*, 385 Mass. 91, 431 N.E.2d 556 (1982).

19. If you find that Mr. Steven Malke's personal injuries including his emotional injuries are permanent, you should include in your award at this time what you feel he is entitled to recover or any future mental and physical pain and suffering which he is likely to experience as a result of his own injuries. This is because he is entitled to only one recovery for his injuries, which you are to make at this time. He cannot come back years or even months from now and sue for additional money for problems which may develop in the future. You must, therefore, include in your award now any money you feel he will be entitled to in the future for injury, expense, pain or suffering. *George vs. Jordan Marsh Co.*, 359 Mass. 244 (1971).

20. Once you have calculated each of these areas of damages, pain and suffering, past medical expenses, any future medical expenses, past diminution of earning capacity and [any] future diminution of earning capacity, you should add up each of these damages to arrive at the total award. There must not be any overlapping of the various elements constituting the damages. The total sum must be fair compensation for the entire injury, no more and no less. *Rodgers vs. Boynton*, 315 Mass. 279, 281, 52 N.E. 2d 576, 577 (1943).

The Plaintiff
By His Attorney,

_____
John D. Ross, III, Esquire
121 State Street
Springfield, MA 01103
(413) 736-2725
(413) 736-1247
BBO#546211

"I HEREBY CERTIFY THAT A TRUE COPY OF THE FOREGOING DOCUMENT WAS SERVED UPON EACH PARTY APPEARING PRO SE AND THE ATTORNEY OF RECORD FOR EACH PARTY BY MAIL. (IN HAND)

ON 9/20/06
_____