UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 05-30149-KPN

| | |
|---|---|
| STEVEN J. MALKE,<br>　　　　Plaintiff | )<br>)<br>) |
| v. | )<br>) |
| TRANSCONTINENTAL REFRIGERATED<br>LINES, INC.<br>　　　　Defendant | )<br>)<br>)<br>) |

## PETITION FOR APPROVAL OF SETTLEMENT PURSUANT TO CHAPTER 152, § 15

Now comes the above parties and requests that the undersigned Petition be approved pursuant to M.G.L. c, 152, § 15.

Description Of Accident

This is an action for personal injuries arising out of an accident, which occurred on March 29, 2004 between a parked tractor-trailer in which the plaintiff Steven Malke occupied and a truck owned by the defendant Transcontinental Refrigerated Line, Inc. and driven by George Kozlowski which was leaving the loading dock at Staples in Plainfield, Connecticut. The Plaintiff alleges that the back left "barn door" of the defendant trailer swung open and hit the Plaintiff front driver's door and mirror causing the Plaintiff in the trailer to loose his balance and injure his shoulder.

The Defendant has questioned if the accident even occurred and if it did, questions how someone could get injured if the damage were so slight.

Injuries And Disability

The Plaintiff claimed injury to his neck and right shoulder. The Plaintiff eventually underwent right shoulder arthroscopic acrimioplasty and distal clavicle excisor on July 13 2004 by Dr. Paul Smiley at the Lahey Clinic. The Plaintiff remained out of work until November 10, 2004. The Plaintiff received workers compensation benefits for the medicals and wage loss and lump summed his workers compensation case for an additional $25,000.00.

The Plaintiff did return to work for another employer but currently is not working because of an unrelated heart condition.

The Plaintiff acknowledges that he will net $13,601.85 after attorney fees, costs and worker's compensation payback.

Amounts Paid By Worker's Compensation Insurer

Mr. Malke's wages were paid by Gallagher Bassett Services, Inc. All medical expenses were paid by Gallagher Bassett Services, Inc. as well, making total payments for medical bills and wage indemnity come to Seventy Five Thousand, Five Hundred and Thirty Nine Dollars and Forty Three cents ($75,539.43). Gallagher Bassett Services, Inc. has agreed to accept the sum of Fifteen Thousand Dollars ($15,000.00) in full settlement of its statutory lien under Section 15.

Why Is Settlement Advisable

The Plaintiff understands that the Defendant contested liability and the causation and wishes to settle this matter. In settlement the worker compensation carrier argues to reduce its statutory lien to $15,000.00.

What is the total amount of the Proposed Third Party Settlement?

$45,000.00

For purposes of §15, "excess" means the amount by which the gross tort settlement paid to the plaintiff/employee exceeds the total amount of c. 152 compensation paid. What, if any, is the amount of the "excess"?

| | | |
|---|---|---:|
| a. | Gross Settlement............................................... | $45,000.00 |
| b. | Less: Allocation to family members......................... | 0.00 |
| c. | Less: Total payments by Insurer............................. | 15,000.00 |
| d. | Less: Total Insurer's share of attorney fees and costs.... | 8,600.45 |
| | EXCESS: | $21,399.55 |

How much, if any, of the proposed third party settlement will be allocated to the plaintiff/employee's family, or next of kin, who have claims arising from the injury?

| | | |
|---|---|---:|
| a. | Allocation for family members............................... | $ 0.00 |
| b. | Legal fee from this allocation................................ | 0.00 |
| c. | Legal expenses from this allocation....................... | 0.00 |
| | Total Net Payment To Family Members...................... | 0.00 |

After any allocation to family members, how will the third party settlement be apportioned among the plaintiff/employee, the worker's compensation insurer, and plaintiff counsel?

| | |
|---|---:|
| Plaintiff/Employee | $13,601.15 |
| Liens | 0.00 |
| Workers' Compensation Insurer | 15,000.00 |
| Legal Fee | 15,000.00 |
| Legal Costs | 1,398.85 |
| Total: | $45,000.00 |

What percentage of the gross settlement is payable to plaintiff counsel under the terms of the contingent fee agreement? E.g.: Attorney fees + costs/Gross settlement

% Gross Fees: 36.44%

G.L. c. 152, § 15 provides that the "..attorney's fees shall be divided between the insurer and the employee in proportion to the amounts received by them respectively..." How will the legal fees be apportioned?

| | | | |
|---|---:|---|---:|
| Plaintiff % of Fees: | 47.55% | Insurer % of Fees: | 52.45% |
| Plaintiff Fees: | $ 7,133.18 | Insurer Fees: | $7,866.82 |
| Plaintiff Costs: | 665.22 | Insurer Costs: | 0.00 |
| Total: | $ 7,798.40 | Total: | $8,600.45 |

Unless parties have agreed otherwise, the amount of the plaintiff/employee's recovery to be offset against any future c. 152 payments to the employee is determined by subtracting the plaintiff/employee's legal fees and costs [see #12 above] from the statutory excess [#8c. above]. What amount, if any, will be offset against future c. 152 payments to the employee?

Offset against future payments: $13,601.15

<u>In the event the plaintiff/employee establishes entitlement to future c. 152 compensation payments, set out the agreement between the plaintiff/employee and the workers' compensation insurer with regard to reimbursement of the employee's proportionate share of counsel fees and expenses as provided by Hunter v. Midwest Coast Transport, Inc., et al, 400 Mass. 779 (1987).</u>

The insurer will pay 36.44 % of any future c. 152 benefits until the plaintiff/employee has been reimbursed for his/her share of attorney's fees and costs in the amount of $7,798.40 and the worker's compensation insurer has exhausted its offset of $13,601.15. Thereafter the workers' compensation insurer will pay 100% of any c. 152 benefits, which become due.

_____
John D. Ross, III, Esquire
Ross & Ross, P.C.
121 State Street
Springfield, MA 01103
(413) 736-2725
BBO# 546211
Counsel for the Plaintiff

_____
Steven Malke

_____ by JDR
Andrew Fay, Esquire
Tracy L. Davis, Esquire
Tobin, Sullivan, Fay & Grunebaum
60 William Street
Wellesley, MA 02481
Counsel for the Defendant


_____ by JDR
Beverly M. Nickolson
Gallagher Bassett Services, Inc.
100 Grandview Road, Suite 406
Braintree, MA 02184
(781) 849-9090
(781) 849-8558
Senior Claim Representative
Workers Compensation Insurer


This settlement is hereby approved on this 26th day of January, 2007.

_____
Judge Michael Ponsor
Justice of the United States District Court